UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHNATHAN BERNARD EDWARDS,     Case No. 19-CV-2984 (PJS/LIB)

          Petitioner,

v.     ORDER

WILLIAM BOLIN,

          Respondent.

This matter is before the Court on petitioner Johnathan Bernard Edwards's request for rehearing, which this Court construes as a motion for relief from judgment under Fed. R. Civ. P. 60(b).  ECF No. 30.  Edwards claims that, because he has had problems with his mail at the institution at which he is incarcerated, he should now be able to challenge a judgment that this Court entered five months ago and that Edwards timely appealed to the Eighth Circuit four months ago, only to have the Eighth Circuit dismiss his appeal after declining to issue a certificate of appealability.  For the reasons that follow, Edwards's motion is denied.

Edwards is serving a 240-month sentence in state prison after being convicted of first-degree sex trafficking.  Edwards filed a habeas petition under 28 U.S.C. § 2254 in this Court, and on July 22, 2020, Magistrate Judge Leo I. Brisbois issued a report and recommendation ("R&R") recommending denial of Edwards's petition.  ECF No. 11.  Edwards did not object, and therefore this Court entered an order adopting the R&R on

August 17, 2020, and entered judgment on August 19, 2020.  ECF Nos. 13, 14.  Unfortunately, however, this Court did not notice that the R&R had failed to address whether a certificate of appealability should issue, and thus this Court's order adopting the R&R likewise failed to address the issue.

Edwards appealed.  ECF No. 15.  After the Eighth Circuit remanded the case so that this Court could determine whether a certificate of appealability should be issued, this Court decided not to issue such a certificate on October 20, 2020.  ECF No. 20.  This Court granted Edwards's application to proceed *in forma pauperis* on appeal on October 26, 2020.  ECF No. 24.  The Eighth Circuit then reviewed the merits of Edwards's appeal and, on December 8, 2020, declined to issue a certificate of appealability and dismissed the appeal.  ECF No. 28.

Edwards now seeks "a rehearing for case number :0;19-cv-02984-PJS."  ECF No. 30 at 1.  Edwards claims that there "was a problem beyond [his] control regarding the mail" and that the "decision" was delayed in reaching him.  *Id.*  It appears that Edwards is seeking a rehearing of the Eighth Circuit's dismissal of his appeal.  Edwards explains that he could not file his request for rehearing within the 14-day period—presumably referring to the 14-day deadline that Fed. R. App. P. 40(a)(1) prescribes for filing a petition for panel rehearing—because he did not receive the

Eighth Circuit's December 8, 2020 order dismissing his appeal until December 30, 2020. *Id.*

If Edwards wants the Eighth Circuit to rehear his case—or if he wants the Eighth Circuit to extend the time within which he can file a petition for rehearing—he must file that request with the Eighth Circuit. This Court does not have authority to grant rehearing of a decision of the Eighth Circuit or extend the deadline by which a party to an Eighth Circuit case must file a petition for rehearing. *Cf. Amarir v. Hill*, No. C 04-5290 CRB (PR), 2008 WL 4193127, at *3 (N.D. Cal. Sept. 10, 2008) ("If plaintiff wishes to reopen appellate review, a motion for reconsideration in the Ninth Circuit is the proper means to do so, not a motion to vacate judgment here.").

If Edwards instead wants this Court to rehear this case, then in effect he is moving for relief from judgment under Fed. R. Civ. P. 60(b). *See United States v. Prater*, 581 F. App'x 219, 220 (4th Cir. 2014) (construing motion to reconsider habeas petition as Rule 60(b) motion); *Stubbs v. Hunter*, 806 F. Supp. 81, 82–83 (D.S.C. 1992) (noting request for rehearing is construed as motion under either Rule 59(e) or Rule 60(b), depending on when the motion is filed after entry of judgment). Edwards claims that his inability to comply with filing deadlines was due to forces entirely outside of his control, and therefore Rule 60(b)(6) is the most relevant provision.

Rule 60(b)(6) provides relief for failing to comply with a filing deadline under "'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393–94 (1993) (distinguishing Rule 60(b)(1), which covers missing a deadline due to the movant's negligence). Extraordinary circumstances "rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (listing "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process" as factors for evaluating Rule 60(b)(6) motions (quotations and citation omitted)).

Rule 60(b) motions "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), which "is dependent on the particular facts of the case in question," *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). Courts "consider the movant's reason for delay and the existence of any prejudice to the opposing party when determining a 'reasonable time.'" *Schultz v. Com. First Fin.*, 24 F.3d 1023, 1025 (8th Cir. 1994).

It is unclear which orders Edwards did not receive and therefore could not respond to in a timely fashion, as Edwards just states that he has not received this Court's "recommendation." ECF No. 30 at 1. Edwards's motion refers to a November 16, 2020 letter to the Clerk of Court, in which Edwards requested a copy of the Court's October 26, 2020 order. *See id.* (referring to letter docketed at ECF No. 25);

ECF No. 25 (requesting "the RNR Report and Recommendation Patrick J. Schiltz filed on 10/26/20").[1]  But in the October 26, 2020 order, the Court granted Edwards's request to appeal *in forma pauperis*.  ECF No. 24.  Because that order granted Edwards the relief that he sought, his Rule 60(b)(6) motion is denied insofar as it applies to the October 26, 2020 order.

If Edwards is instead referring to Judge Brisbois's July 22, 2020 R&R, or to this Court's August 17, 2020 order adopting the R&R, the Court denies his motion because it was not "made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).[2]  Edwards does not provide any explanation—let alone a satisfactory explanation—for the months-long delay in filing his Rule 60(b)(6) motion.  *Cf. United States v. McAdory*, No. 04-186(3) (JNE/JSM), 2011 WL 2580102, at *2 (D. Minn. June 29, 2011) (Rule 60(b)(6) motion was untimely when grounds for motion were immediately apparent upon entry of orders, yet the movant waited two years to file motion without any explanation for delay in filing).  Although Edwards did not object to the R&R,[3] he did file a timely appeal of this

---

[1] The Clerk of Court responded to Edwards's letter on November 17, 2020 and enclosed a copy of the October 26, 2020 order.  ECF No. 26.

[2] The same reasoning applies to the Court's October 20, 2020 order declining to issue a certificate of appealability.  ECF No. 20.  But nothing in Edwards's Rule 60(b)(6) motion appears to refer to that order.

[3] Notably, Edwards's Rule 60(b)(6) motion does not contend that he wanted to object to the R&R but was unable to do so in a timely manner, nor does it provide any
(continued...)

Court's order adopting the R&R. He signed his notice of appeal on September 15, 2020, ECF No. 15 at 2, and thus he certainly knew of Judge Brisbois's R&R and this Court's order adopting the R&R by that date. Knowing full well about any mail issues that had delayed the R&R or the order adopting the R&R, Edwards did not inform the Court of those mail issues or move for relief from the judgment. Instead, Edwards pursued an appeal. Only *after* his appeal was dismissed—which occurred at least four months after Edwards became aware of the alleged problems with his mail—did Edwards finally inform the Court of his mail problems and seek relief. In other words, having lost his appeal, Edwards now wants to use Rule 60(b)(6) to take a second bite at the apple.

It is not reasonable for a litigant to wait to see whether his appeal will be successful before seeking Rule 60(b)(6) relief on grounds that were readily apparent to him before he even filed the appeal. The Court therefore finds that Edwards's motion was not filed "within a reasonable time" as required under Rule 60(c)(1). *See United States v. Cleaver*, 319 F. App'x 728, 731 n.2 (10th Cir. 2009) (Rule 60(b)(6) motion was likely untimely when the movant "waited two years to complain about his not getting to file a reply, even though he knew immediately that he had not gotten that opportunity, and because [the movant] pursued several post-judgment motions and a direct appeal before ever raising this procedural problem"); *Fed. Land Bank of St. Louis v.*

---

[3](...continued)
reason for concluding that the R&R is mistaken in some respect.

*Cupples Bros.*, 889 F.2d 764, 767 (8th Cir. 1989) (Rule 60(b) motion untimely when filed ten weeks after judgment was affirmed on appeal and more than twelve months after basis for motion arose); *Salazar v. Knight*, No. 06-CV-061-JDT-TAB, 2006 WL 8448417, at *1 (S.D. Ind. Aug. 29, 2006) (Rule 60(b)(6) motion based on failure to receive the government's return to the order to show cause was untimely when filed seven weeks after entry of judgment in the district court and one month after filing the notice of appeal). For that reason, Edwards's motion is denied.[4]

Finally, Edwards asks for a copy of the R&R. The Clerk of Court is directed to mail a copy of the R&R to Edwards.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Edwards's request for a rehearing [ECF No. 30] is DENIED.

---

[4] "[T]he certificate [of appealability] requirement applies to an appeal from the denial of a Rule 60(b) motion seeking to reopen a habeas case." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). The Court determines that Edwards has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, the Court does not find that the issues Edwards has raised "are debatable among reasonable jurists," and so the Court declines to issue a certificate of appealability. *See Garrett v. United States*, 211 F.3d 1075, 1077 (8th Cir. 2000) (per curiam) (quotations and citation omitted).

2. Edwards's request for a copy of Judge Brisbois's R&R is GRANTED, and the Clerk of Court is directed to mail to Edwards one copy of Judge Brisbois's July 22, 2020 R&R, docketed at ECF No. 11.

3. No certificate of appealability will issue.

Dated:  January 21, 2021                     s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge